**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE NUNEZ,

> Petitioner–Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

> Respondents–Appellees.

No. 09-1254

(Case No. 08-CV-01732-CMA-CBS)

(D. Colo.)

**ORDER**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Appellant, a *pro se* state prisoner, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. In exchange for the dismissal of several related charges and two additional felony cases against him, Appellant pled guilty in state court to possessing between 25 and 400 grams of cocaine with intent to distribute, a class three felony. The potential sentencing range for this count, as Appellant was informed several times in both the written plea agreement and in the plea hearing, was four to sixteen years of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, followed by a mandatory five-year period of parole. Appellant was ultimately sentenced to the maximum sentence of sixteen years' imprisonment plus five years of parole. He appealed to the Colorado Court of Appeals, arguing that his guilty plea was not knowing, voluntary, and intelligent because the transcript of the plea hearing demonstrated that defense counsel was confused about the applicable sentencing range. The Colorado appellate court concluded that the written plea agreement signed by Appellant, the numerous oral advisements by the trial court, together with Appellant's repeated assurances that he understood the possible penalty he faced as a result of his guilty plea and his statement that his attorney had not made any promises to him, refuted his claim that his plea was involuntary. Appellant's petition for certiorari was denied by the Colorado Supreme Court.

Appellant subsequently filed a § 2254 habeas petition in the federal district court in which he argued that his plea was not knowing and voluntary and that he was denied effective assistance of counsel in relation to the entry of the plea. The district court concluded that the ineffective assistance claim had not been exhausted and was now procedurally defaulted. As for the remaining claim, the magistrate judge concluded that the state courts' holding that Appellant knowingly and voluntarily entered a plea of guilty was not contrary to clearly established federal law nor based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). The district court

agreed with the magistrate judge and therefore dismissed the case.

To obtain a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his request for a certificate of appealability, Appellant argued that he was not clear on the sentence he could receive and therefore his plea was not made voluntarily, knowingly, and intelligently. He also argued that the district court erred by dismissing his petition without holding an evidentiary hearing.[1]

After carefully reviewing Appellant's filings in this court, the district court's disposition, and the record on appeal (particularly the written plea agreement and the transcript of the plea hearing), we conclude that reasonable jurists would not debate the district court's dismissal of Appellant's claims nor its

---

[1] Appellant further argues that he was sentenced under the wrong subsection because the state only proved through testing that he possessed 7.68 grams of cocaine and did not test the 65 grams he possessed on a separate occasion. This argument was not raised in the state courts nor in the district court and thus has not been properly preserved for appeal in this court. Moreover, since Appellant voluntarily pled guilty to possession of 25 to 400 grams of cocaine, he cannot now complain that he should have been sentenced based on the lesser amount involved in one of the dropped cases against him.

decision not to hold an evidentiary hearing in this case. Therefore, for substantially the reasons set forth by the magistrate judge and district court, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Appellant's motion for leave to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge